■The opinion of the Court was delivered by

Mr. Justice Colcock.

If the case had been one in which the discretion of the jury was unlimited, the court would not interfere; but it is imperiously called on to preserve the law, whenever its wise and wholesome provisions are violated by. the verdict of a jury. The defendants and those associated with them cannot be considered as a patrol. The powers given to the patrol are great; and many of them in opposition to the common law rights of the citizens. The legislature were, therefore, guarded in the delegation of this extraordinary power. They direct that the captain of the beat company shall appoint a fit and disgree.t *333 son to actas captain of the patrol, and require that he shall prick off the names of such persons as are intended to be placed under his authority, requiring them to perform this duty twice in every month. The law further gives'to the captain of the beat company authority to fine the captain of patrol for a neglect of duty; and to the captain of the patrol, the power of fining those who are placed under his command for any disorderly conduct* A strict conformity to these provisions is indispensably necessary to constitute a legal patrol, and here we find the son of the captain of the patrol acting for him. Was-he answerable to the captain of the beat company? Surely not. Could he control the acts of those who were with him by fine or imprisonment? Surely not. Again, one of the defendants was not on the list of those who had been placed under the authority of Mi’* Tripp the elder. But supposing they had been a regularly constituted patrol? There is no authority given by the patrol law or any other law of the state, to enter the dwelling house of one, a free man of the country, in which there was no riot nor disorder, and take from thence his arms or any other property, The act then was illegal and the evidence was clear that the property taken was worth twenty-five dollars. The jury then were bound to have found for the plaintiff at least the value of the property taken. The law entitled him to recover so much at least. He ivas as much entitled to a verdict for that amount as if he had brought assumpsit and proved, a sale of the property. Whether they should have found greater damages was for .them to determine, therefore no opinion will be expressed as to .that.' The motion is granted.
Bay and Bichardson, Justices concurred»